IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM LANEY, individually, and ) <br> VICTORIA LANEY, a minor Child by Father, and ) <br> as Next Friend, William Laney, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JIM FARLEY, individually and in his capacity ) <br> as Principal of West Wilson Middle School, ) <br> LAURA HONEYMAN, individually and in her ) <br> capacity as Assistant Principal of West Wilson ) <br> Middle School, and WILSON COUNTY BOARD ) <br> OF EDUCATION, ) <br> ) <br> Defendants. ) | Civil No. 3:05-0762 <br> Judge Trauger <br> Magistrate Judge Brown |

**MEMORANDUM and ORDER**

On January 23, 2006, the Magistrate Judge issued a Report and Recommendation ("R & R"), recommending that the defendants' Motion to Dismiss be granted. (Docket No.12) The plaintiffs have filed Objections (Docket No. 13), to which the defendants have responded (Docket No. 14).

Standard of Review

When a party files objections to a report and recommendation of the magistrate judge on a dispositive matter, this court must make a *de novo* determination of those portions of the report and recommendation to which an objection is made. This court may accept, reject or modify the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), FED. R. CIV. P.

1

## In-School Suspension

The plaintiffs object to the findings in the R & R that no formal hearing or notification to the parents was required prior to the in-school suspension and that the failure to hold a hearing and give notification to the parents does not constitute a violation of due process. The starting place, as both parties agree, is *Goss v. Lopez*, 419 U.S. 565, 42 L.Ed.2d 725, 95 S. Ct. 729 (1975). The plaintiffs correctly assert that the R & R misconstrues *Goss*. *Goss* clearly holds that, even for an in-school detention of one day, as was imposed upon the student in this case, and even where the teacher himself has witnessed the misconduct, as was the case here, the Due Process Clause and due process require "that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story." *Goss*, 419 U.S. at 581-84. State law requires no less:

> Except in an emergency, no principal, principal-teacher or assistant principal shall suspend any student until that student has been advised of the nature of the student's misconduct, questioned about it, and allowed to give an explanation.

T.C.A. § 49-6-3401(c)(1). And the language of the Wilson County Board of Education's Procedural Due Process policy tracks this same language:

> In case of severe offenses where there is a possibility of suspension, the student shall be advised of the nature of his/her misconduct, questioned about it and allowed to given an explanation.

(Docket No. 1, Ex. D)

The Complaint alleges: "Victoria Laney never had a conference with Defendant Laura Honeyman, Defendant Jim Farley, or anyone at the West Wilson Middle School regarding the incident involving the cellular telephone in her possession ringing, the seizure of the cellular

telephone in her possession or notice of the ISS to be served on Tuesday, September 20, 2005." (Docket No. 1, ¶23) The Complaint further alleges that, despite the fact that the school's Disciplinary Office Referral has the box checked next to "conference with student" (Docket No. 1, Ex. E), that part of the form is dated September 19, 2005, and "Victoria Laney was home sick from school on September 19, 2005." (Docket 1, ¶22)

The Complaint sufficiently alleges a violation of the due process rights of Victoria Laney for failure to provide her with the minimal due process required under *Goss*, state law, and Wilson County Board of Education policy. The R & R simply assumes without support that "she had an opportunity to explain any mitigating circumstances to the teacher that confiscated it." (Docket No. 12) In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), the court will accept the facts as the plaintiff has pleaded them as true. *See Performance Contracting, Inc. v. Seaboard Surety Co.*, 163 F.3d 366, 369 (6th Cir. 1998); *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). The court will not dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In the face of the allegations in the Complaint, this ruling on a motion to dismiss cannot stand.

## Retention of the Cell Phone

The plaintiffs object to the R & R's conclusion that the school's retention of Mr. Laney's cell phone for thirty days, pursuant to school board policy, is not violative of the rights of Mr. Laney under the Due Process Clause of the United States Constitution. The plaintiffs cite no caselaw whatsoever in support of this objection. (Docket No. 13 at 3-4) Moreover, in their brief opposing dismissal of this claim, they likewise cite to no caselaw from any court that supports

3

this proposition. (Docket No. 9 at 3-5) The court can find no error in the R & R's conclusions on this point, and this objection will be **OVERRULED**.

### Other Claims

The plaintiffs make no objection to the R & R's conclusion that the plaintiffs' claims under 42 U.S.C. § 1985 should be dismissed nor its recommendation that, under the doctrine of qualified immunity, the individual defendants, Jim Farley and Laura Honeyman, should be dismissed from this case. Therefore, those recommendations will be **ACCEPTED**.

### Conclusion

For the reasons expressed herein, the Report and Recommendation (Docket No. 12) is **ACCEPTED** and made the findings of fact and conclusions of law of this court as to the dismissal of the due process claim involving the retention of the cell phone, the claim under 42 U.S.C. § 1985, and the claims against the individual defendants, Jim Farley and Laura Honeyman. It is hereby **ORDERED** that those claims are **DISMISSED**. The claim under 42 U.S.C. § 1983 concerning the due process rights of the student in connection with the in-school suspension shall go forward, and the Motion to Dismiss (Docket No. 12) is **DENIED** as to that claim. This case will be set for an initial case management conference by separate notice.

It is so **ORDERED.**

Enter this 6th day of March 2006.

_____
ALETA A. TRAUGER
U.S. District Judge